## DAVID WHEELER, JR. vs. JEREMIAH LOTHROP.

Where a Justice of the Peace certifies at the bottom of a paper purporting to
be the record of a judgment before him, that it is " a true copy," it is suffi-
ciently authenticated to be read in evidence.

Parol testimony from the Justice, that he had in fact made no record of the
judgment is inadmissible.

To maintain *scire facias* against the indorser of a writ, in an action com-
menced before a Justice of the Peace, and carried by appeal by the plain-
tiff in that action to the Court of Common Pleas, it is not necessary for the
plaintiff in *scire facias* to show, that he made use of due diligence to collect
the costs of the surety on the appeal.

EXCEPTIONS from the Court of Common Pleas, WHITMAN
C. J. presiding.

*Scire facias* against the defendant, as indorser of a writ in favor
of one *Fabyan* against the plaintiff, before a Justice of the Peace.
The Justice gave judgment for the defendant in that suit, and *Fa-
byan* appealed to the Court of Common Pleas, and entered into
recognizance to prosecute his appeal.   In the Court of Common
Pleas, the present plaintiff recovered judgment against *Fabyan* for
his costs.   It appears from the bill of exceptions, that on the trial
of this action, that no judgment was rendered by the Justice in
favor of *Wheeler,* against *Fabyan,* and to prove there was, the
plaintiff produced a paper purporting to be a copy of the judg-
ment certified by the Justice to be " a true copy."   The defend-
ant then objected to the copy, contending, that the original record
should be produced, and also, that it did not appear, that it was a

Wheeler *v.* Lothrop.

copy of the record. The Judge overruled the objections, and admitted the copy. The Justice had been called by the plaintiff to prove the indorsement on the writ to be in the handwriting of the defendant, and the defendant proposed to prove by him, that there was not, and never had been, any such record of the Justice actually made up, as appeared from the copy. The Judge refused to admit this evidence. The defendant objected, that this action could not be maintained but for the costs before the Justice, because it did not appear, that the plaintiff had used due diligence to obtain the costs after the appeal from the sureties to prosecute the same. This objection was overruled by the Judge. The record of the judgment, *Fabyan* v. *Wheeler*, in the Court of Common Pleas, shew that the defendant was the surety to prosecute the appeal, and had appeared, as the attorney of *Fabyan.* The exceptions state, " that the defendant objected, that it is no where in the plaintiff's writ alleged to appear of record, that the defendant was indorser of said original writ, *Fabyan* v. *Wheeler, Jr.*" The exceptions do not show any decision of the Judge in relation to this objection, unless in the closing one. " The presiding Judge decided, that upon inspection it is found, that there is such a record, as is set forth in the plaintiff's writ, and that the facts contained in the defendant's brief statement are not sufficient to bar the action." The exceptions state, that the defendant pleaded the general issue, and " also filed a brief statement setting forth several grounds of defence," but the contents of the brief statement do not appear in the exceptions, or in any paper to which reference is made. The defendant excepted.

The case was continued to be argued in writing, but no arguments have been received by the Reporter.

*May*, for the plaintiff.

*S. W. Robinson & Lothrop*, for the defendant.

The opinion of the Court was drawn up by

EMERY J. — In this *scire facias* the plaintiff attempts to charge the defendant, as indorser of an original writ, brought by one *John Fabyan* against the plaintiff, before a Justice of the Peace, who rendered judgment against *Fabyan,* and he appealed to the Court

of Common Pleas. That Court rendered judgment upon the appeal in favor of the plaintiff against said *Fabyan.* On this *scire facias* the plaintiff produced in evidence the record of that judgment, which corresponded with the one declared on in the plaintiff's writ.

We do not perceive, that the Judge in the Court of Common Pleas did any injustice to the defendant in receiving the certified copy of the Judgment of Justice *Fuller,* for said *Wheeler* against said *Fabyan,* and an appeal therefrom by said *Fabyan* to the Court of Common Pleas. It would have been totally irregular to receive the parol testimony of the magistrate that there was no record of such judgment, which he in his official capacity had certified to exist. It is true that the plaintiff was obliged to use due diligence to obtain payment of his costs from *Fabyan.* But the conclusion is incorrect, that he must seek his remedy first against the sureties for prosecuting the appeal, before he could resort to the defendant. The statute throws upon the indorser of the writ, the responsibility of answering for the costs of the defendant in the original suit upon the avoidance or inability of the plaintiff.

The return of the arrest of *Fabyan* and commitment on the execution, and his subsequent discharge by taking the poor debtor's oath, exhibit satisfactory evidence of the inability of said *Fabyan* to satisfy the costs, for which remedy is now sought, unless this evidence is impeached, and no attempt of that kind was made.

The fact that the present defendant was the only surety for the prosecution of the appeal, and that he had brought forward, and entered the action, did not exonerate him as indorser of the writ, nor impose on the plaintiff the obligation to seek redress against him as surety for prosecuting the appeal. He could only recover, in such suit, the costs after the appeal. The remedy in the present suit is more comprehensive. The defendant's handwriting on the original writ, having been proved, his liability is established. By the plea and brief statement, the fact of having indorsed the original writ was not in truth contested.

We coincide with the Judge of the Court of Common Pleas, that the facts contained in the defendant's brief statement are not sufficient to bar the action.

*The exceptions are therefore overruled.*